

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-8-2014

# USA v. Koreen Higgs

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-2419

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"USA v. Koreen Higgs" (2014). *2014 Decisions.* Paper 935.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/935

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2419
_____

UNITED STATES OF AMERICA

v.

KOREEN V. HIGGS,

Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.NJ. Crim. No. 2-06-00560-001)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2014

Before:  FUENTES, FISHER, *Circuit Judges*
and JONES, II,* *District Judge*.

(Opinion Filed: September 8, 2014)
_____

---

*The Honorable C. Darnell Jones, II, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION

_____

Jones, II, *District Judge*.

Appellant's counsel informed the Court by Rule 28(j) letter that Appellant was released from custody on February 26, 2014 and is not subject to a term of supervised release. "[W]e are precluded by Article III, § 2 of the Constitution from entertaining an appeal if there is no longer a live case or controversy." *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). "Although this action was live when filed and may have become moot only during the pendency of this appeal, Article III requires that an actual controversy exist through all stages of litigation, including appellate review." *Id.* We must determine whether the appeal is moot even if the parties have not raised the issue. *Id.*

"Generally, once a litigant is unconditionally released from criminal confinement, the litigant must prove that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act." *Id.* at 181. There is a presumption of collateral consequences when a litigant challenges his criminal conviction. *Sibron v. New York*, 392 U.S. 40, 55-56 (1968). We have concluded that there is no such presumption for a probation revocation. *Kissinger*, 309 F.3d at 182. Because Higgs has not claimed or proven any collateral consequences of his probation revocation and incarceration, we conclude that his appeal is moot.